# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSEPH HEID,**

    Plaintiff,

CASE NO: 6:20-CV-727

Vs

**ORANGE COUNTY SHERIFF'S DEPARTMENT;**
**JOHN W. MINA, SHERIFF**
**MARK RUTKOSKI; and,**
**FORREST BEST.**

    Defendant(s).

_____/

## SECOND AMENDED COMPLAINT

COMES NOW, the Plaintiff Joseph Heid, pursuant to Amendment Four, U.S. Constitution ("Unreasonable Seizures"); 42 U.S.C. § 1983, Deprivation of Rights under Color of Law; and Rule 15 of the Federal Rules of Civil Procedure, and respectfully files this First Amended Complaint against the above-captioned Defendants.

In support thereof, the Plaintiff respectfully states:

### A. Jurisdictional Statement

1. The U.S. District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. That the federal question involved in this case arises under Amendment Four, U.S. Constitution ("Unreasonable Seizures") and 42 U.S.C., § 1983 ("Deprivation of Rights Under Color of Law").

3. That the Plaintiff is incarcerated at the Liberty Correctional Institute, 11064 N.W.

Dempsey Barron Road, Bristol, Florida 32321.

4. That the Defendant Orange County Sheriff's Office is a sub-division of the State of Florida, with a mailing address at P.O. Box 1440, Orlando, FL 32802-1440.

5. That Defendant John W. Mina is the current Sheriff of the Orange County Sheriff's Office.[1]

6. That Defendant Mark Rutkoski is an employee and deputy sheriff of the Orange County Sheriff's Office.

7. That Defendant Forrest Best is an employee and deputy sheriff of the Orange County Sheriff's Office.

8. There is an underlying state criminal case (Orange County, Florida); case number 2016-CF-005268-A). See Exhibit A.

9. The Plaintiff was charged as follows:

    A. Attempted First Degree Murder: he was adjudicated guilty on 02/07/2018.

    B. Aggravated Assault with a Weapon (Fla. St. 784.021(1)(Three Counts): he was adjudicated guilty on 02/07/2018.

    C. Resisting Officer with Violence (Two Counts): no action was taken.

    D. Plaintiff is currently seeking post-conviction relief through the aid of legal assistance through another law firm.

10. The Plaintiff is currently serving a twenty-year sentence with the Florida Department of Corrections.

11. The Defendants Mark Rutkoski and Forrest Best were witnesses on behalf of the

---

[1] The Defendant Sheriff John W. Mina has been substituted for the previously-named Defendant former Sheriff Jerry L. Demings.

State of Florida in the state criminal trial.

12. With respect to this § 1983 lawsuit, the Plaintiff has exhausted any and all pre-suit notice requirements and administrative remedies exhaustion requirements, prior to filing this lawsuit.

**STATEMENT OF FACTS**

**Introduction**

13. On or about April 26, 2016, Plaintiff Heid was at his private residence located at 9549 Holbrook Drive, Orlando, Florida 32817, when the Orange County Sheriff's Department dispatched deputy sheriffs to his residence in order to apprehend or arrest Plaintiff Heid.

14. The Orange County Sheriff's Department, pursuant to a County Ordinance or Florida state law, maintains a *rule*, *usage*, *custom*, *policy*, *practice* or *law* of carrying out arrests of criminal suspects.

15. The Orange County Sheriff's Department maintains a training program for its deputy sheriffs to discharge their statutory or legal duties and obligations of conducting apprehensions and arrests.

16. The Orange County Sheriff's Department has a duty to ensure that its deputy sheriff's carry out their legal obligations of conducting apprehensions and arrests in a manner that complies with both state and federal constitutional law, including the Fourth Amendment, U.S. Constitution ("Unreasonable Seizures").

17. The Orange County Sheriff's Office failed to discharge its legal and constitutional obligations, with respect to adequately training (i.e., "failure to train") Deputy Sheriff Officers Mark Rutkoski and Forrest Best, with respect to the (a) use of force or (b) the use of deadly force,

when apprehending criminal suspects.

18. The said failure to train, alleged hereinabove, was the proximate cause and result of said Officers Rutkoski and Best shooting Plaintiff Heid on April 26, 2016, during his arrest. Both Rutkoski and Best knew, or should have known, that Plaintiff Heid posed no imminent danger to (a) the arresting officers or (b) to the general public or any other third parties. Additionally, both Rutkoski and Best knew, or should have known, Plaintiff Heid was not a "flight risk," and that Plaintiff Heid was not attempting to escape his arrest. Lastly, Rutkoski and Best gave Plaintiff Heid no forewarnings, or a reasonable opportunity to comply with any reasonable commands, prior to shooting Plaintiff Heid. Therefore, as per the following facts, Defendants Rutoski and Best may not avail themselves of "personal immunity" from § 1983 liability:

  A. On April 2016, Deputy Sheriff Corporal Mark Rutkowski and Deputy Sheriff Forrest Best shot the Plaintiff Heid when he exited his home <u>with his hands up and away from his body</u>.

  B. Deputy Rutkowski and Deputy Best knew, or should have known, that Plaintiff Heid's hands were up, because Plaintiff Heid verbally informed the said deputy sheriffs, as he was walking out of his residence, that he was surrendering, that he had no weapons, and that both of his hands were up and away from his body.

  C. While walking out of his home, Plaintiff Heid verbally informed the defendants that he was "surrendering" and that he was "unarmed."

  D. The Defendants would have been able to clearly hear the Plaintiff, as he spoke loudly and clearly, in an effort to save his own life and to avert or avoid being shot.

  E. Plaintiff Heid walked past the corner of his garage, still with his hands up

and away from his body. At that moment, the following facts occurred:

  (1). Plaintiff Heid then saw two Deputy Sheriff Officers. The Deputy Sheriffs said nothing, but immediately Deputy Sheriff Mark Rutkowski fired two shots into Plaintiff Heid's left thigh.

  (2). Plaintiff Heid turned his back with his hands up, and he was shot again. At that time, Plaintiff Heid fell down into a prone position, on the ground, face down, on his own volition, where he was shot again.

  (3). Plaintiff Heid rolled onto his back, in a fetal position, to beg the police officer to stop shooting, and he was then shot again, in the groin, as the officer began yelling, "stop resisting."

  (4). Plaintiff Heid was shot a total of six (6) times.[2]

19. The Defendant violated the Plaintiff's constitutional right under Amendment Four, U.S. Constitution, to be free from an unreasonable seizure

### COUNT I. FAILURE TO TRAIN DEPUTY SHERIFFS IN PROPER USE OF FORCE PROTOCOL (42 U.S.C. § 1983)

20. The Plaintiff hereby re-states and re-alleges paragraphs 1 through 15 as though those paragraphs are fully set forth in this count.

21. The Defendant Orange County Sheriff's Office maintains a training program which

---

[2] Plaintiff Heid's own words, which describes this incident, are as follows: "I was shot six (6) times, to two (2) times in the side of my left thigh, which chipped my femur, two (2) times in the lower back (left), one bullet remains lodged in my right buttock, too close to the sciatic nerve to remove safely, also this bullet caused permanent nerve damage, once in the groin, and once in the rear of my left ankle. I am now permanently disabled (dropfoot, left), suffer constant pain, significant disfigurement, and P.T.S.D. F.D.L.E. obtained pictures of my injuries—file Title; Joseph Heid injuires. Zip, stored under, INV-5 and Joseph Heid medical records. Pdf, stored under INV-6."

teaches, trains, and re-trains Deputy Sheriffs on proper protocols and methods for conducting arrests and apprehensions of criminal suspects, and use of force (and use of deadly force).

22. The Defendant Orange County Sheriff's Office failed to adequately train Deputy Sheriffs Mark Rutkoski and Forrest Best on proper protocols and procedures with respect to using force or deadly force when apprehending criminal suspects.

23. This failure to train the said deputy sheriffs was <u>the proximate and direct cause of Plaintiff's being shot six</u> times on April 26, 2016, by the said deputy sheriffs.

24. <u>The failure to train, aforementioned, resulted in catastrophic consequences on the evening of April 26, 2016 when Plaintiff Heid was arrested</u>: the Defendants Rutkoski and Best, for the reasons stated in paragraphs 1 through 15, knew or should have known that Plaintiff Heid was:

    A. Unarmed;

    B. Surrendering; and,

    C. Both of Plaintiff's arms were raised up and away from his body as he walked out of his personal residence.

25. <u>The failure to train, aforementioned, resulted in catastrophic consequences on the evening of April 26, 2016 when Plaintiff Heid was arrested</u>: the Defendants Rutkoski and Best, for the reasons stated in paragraphs 1 through 15, knew, or should have known, that the said Deputy Sheriffs were in no personal danger whatsoever; that the said Deputy Sheriffs needed to make no "split-second" or "sudden life-death" decisions; and that Plaintiff Heid was in the act of peacefully surrendering and was not a flight-risk at the moment when the Deputy Sheriff's shot him.

26. <u>The failure to train, aforementioned, resulted in catastrophic consequences on the evening of April 26, 2016 when Plaintiff Heid was arrested</u>: the Defendant Rutkoski and Best

violated Plaintiff Heid's constitutional rights under Amendment Four, U.S. Constitution, to be free from an unreasonable seizure. Hence, no defense of "personal immunity from suit" is cognizable.

27. WHEREFORE, the Plaintiff demands:

    A. Trial by Jury.

    B. Judgment against the Defendants for compensatory and punitive damages.

    C. Affirmative Action, as deemed appropriate by the Court.

    D. Injunctive Relief, as deemed appropriate by the Court.

    E. Attorney's fees and costs.

    F. For whatever additional relief as is deemed just and appropriate by this honorable Court.

## COUNT II. DEPRIVATION OF FOURTH AMENDMENT RIGHT TO BE FREE FROM AN UNREASONABLE SEIZURE—USE OF FORCE (42 U.S.C. § 1983)

28. The Plaintiff hereby re-states and re-alleges paragraphs 1 through 15 as though those paragraphs are fully set forth in this count.

29. Defendant Deputy Sheriffs Mark Rutkoski and Forrest Best shot Plaintiff Heid as he was walking out of his personal residence with both hands raised up and away from his body.

   A. The Plaintiff walked—he did not run, or charge towards any officer in a threatening manner. Therefore, Plaintiff's whole body and his entire bodily movement was non-threatening. The Defendants should not have felt threatened by any movement that the Plaintiff did at that moment before the Defendants shot him.

   B. The Plaintiff verbally informed the Defendants, as he was carefully, slowly, and cautiously walking out of his residence, that he was "surrendering." The word "surrendering" ought to have alerted the Defendants that the Plaintiff has no intention to harm the Defendants.

   C. The Plaintiff verbally informed the Defendants, as he was carefully, slowly, and cautiously walking out of his residence, that he was "unarmed." The word "unarmed" ought to have alerted the Defendants that the Plaintiff has no intention to harm the Defendants.

   D. The Defendants, therefore, knew, or should have known, that Plaintiff Heid was surrendering and that he was unarmed, while he was slowly exiting his personal residence, that he posed no threat the Defendants. But even if the Defendants were unsure, they had a duty to verbally forewarn the Plaintiff that he could be shot, unless he followed their verbal instructions and commands—but the Defendants directed no verbal forewarnings to the Plaintiff Heid, before

they shot him.   Indeed, the Defendant can articulate no facts that show that Plaintiff Heid violated or refused to follow any of their commands, prior to their shooting him.

30. Defendants Rutkoski and Best shot Plaintiff Heid for no reason; and, by doing so, they abused their legal authority "under color of law," in violation of Plaintiff Heid's Fourth Amendment Right to be free from unreasonable searches and seizures.

31. WHEREFORE, the Plaintiff demands:

    A.    Trial by Jury.

    B.    Judgment against the Defendants for compensatory and punitive damages.

    C.    Affirmative Action, as deemed appropriate by the Court.

    D.    Injunctive Relief, as deemed appropriate by the Court.

    E.    Attorney's fees and costs.

    F.    For whatever additional relief as is deemed just and appropriate by this honorable Court.

RESPECTFULLY SUBMITTED:

   /s/ Roderick O. Ford
Roderick O. Ford, Esq.
FBN: 0072620
**The P.M.J.A. Legal Defense Fund, Inc.**
C/o THE METHODIST LAW CENTRE
400 N. Tampa Street
Suite 1900
Tampa, Florida 33605
(813) 223-1200
(800) 792-2241 facsimile
laboradvocate@fordlawfirm.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via E-Filing/ CM/ECF on June 23, 2020 upon:

                                        **/s/ Roderick O. Ford**
                                        Roderick O. Ford, Esq.