UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH HEID,

    Plaintiff,

v.                                    Case No: 6:20-cv-727-Orl-18DCI

MARK RUTKOSKI, et al.,

    Defendants.
_____/

## ORDER

This cause is before the Court on initial review of Plaintiff's Second Amended Civil Rights Complaint ("Second Amended Complaint," Doc. 12). Plaintiff the Second Amended Complaint pursuant to 42 U.S.C. § 1983.

### I. FACTUAL BACKGROUND

Plaintiff alleges that on April 26, 2016, he "was at his private residence located at 9549 Holbrook Drive, Orlando, Florida 32817, when the Orange County Sheriff's Department dispatched deputy sheriffs to his residence in order to apprehend or arrest Plaintiff Heid." (Doc. 12 at 3). Plaintiff states that Defendants Rutkoski and Best, who were both Orange County Deputy Sheriffs, shot him "when he exited his home with his hands up and away from his body." (*Id.* at 4). Plaintiff alleges that he shot six times, that Defendants Rutkoski and Best should have known that Plaintiff was surrendering, and that he had no weapons. (*Id.*).

Plaintiff states that Defendant Orange County Sherriff's Office failed to adequately train Defendants Rutkoski and Best on proper protocols and procedures with respect to using deadly force when apprehending criminal suspects. (*Id.* at 6). He also states that Defendants Rutkoski and Best "directed no verbal forewarnings to [him], before they shot him." (*Id.* at 8-9). Plaintiff requests compensatory and punitive damages.

## II. LEGAL STANDARD

Plaintiff seeks redress from a governmental entity or employee, and, pursuant to 28 U.S.C. section 1915A(a), the Court is obligated to screen such a prisoner civil rights complaint as soon as practicable. On review, the Court is required to dismiss the complaint (or any portion thereof) under the following circumstances:

> (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B)(i) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous or malicious.").[1]

---

[1] "A claim is frivolous if it is without arguable merit either in law or in fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

2

Additionally, the Court must liberally construe a plaintiff's *pro se* allegations. *Haines v. Kerner*, 404 U.S. 519 (1972).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).

### III. ANALYSIS

The record reveals that, as a result of the incident involving Plaintiff and Defendants Rutoski and Best, Plaintiff was charged with various crimes: (1) attempted first degree murder (with a firearm) (mandatory life) (law enforcement officer) (attempt) (Count One), aggravated assault with a deadly weapon (law enforcement officer) (Count Two), aggravated assault with a deadly weapon (law enforcement officer) (Count Three), aggravated assault with a deadly weapon (law enforcement officer) (Count Four), and resisting officer with violence (Count Five). (Doc. 20-1 at 4). A jury trial was held, and Plaintiff was found guilty as to Counts One, Two, Three, and Four. (*Id.*). No action was taken as to Count Five. (*Id.*). The trial court sentenced Plaintiff to life imprisonment. (*Id.* at 7-16).

Under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), a state prisoner may not bring a claim for damages under § 1983 "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." Thus, unless the plaintiff-prisoner can demonstrate that the conviction or sentence has already been invalidated, the complaint must be dismissed. *Id.*

To prevail on his claims in the instant case, Plaintiff must necessarily establish that he did not commit the offenses for which he was convicted. Hence, a judgment in Plaintiff's favor in this case would necessarily imply the invalidity of his underlying conviction. Because Plaintiff has not demonstrated that his conviction has already been invalidated, this case is barred under *Heck*. *See id.* at 487. The Second Amended Complaint, therefore, shall be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

### IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED** without prejudice.

2. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED**.

3. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on October 26, 2020.

G. KENDALL SHARP
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[2] Section 1915(e)(2)(B)(ii) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted."

4