UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH HEID,

    Plaintiff,

v.       Case No: 6:20-cv-727-RBD-DCI

MARK RUTKOSKI, et al.,

    Defendants.
_____/

### ORDER

This cause is before the Court on Plaintiff's Motion for Reconsideration of Order Granting Motion to Dismiss and Denying Default Judgment ("Motion," Doc. 80). Plaintiff seeks reconsideration of the Court's Order of March 29, 2022 (Doc. 74) granting the Motion to Dismiss (Doc. 41) filed by Defendant John W. Mina and denying his Motion for Default Judgment (Doc. 67). Defendants filed a Response (Doc. 81) to the Motion.

Plaintiff has filed the Motion pursuant to Federal Rules of Civil Procedure 8, 11, 12, 56, and 60 and Rule 4-3.1 of the Rules Regulating the Florida Bar. (Doc. 80 at 1). The Court notes, however, that Rules 8, 11, 12, 56, and 4-3.1 do not pertain to seeking relief from, or amendment of, a judgment or order. As a result, Rule 60

is the applicable Rule under which Plaintiff seeks relief from the Court's Order of March 29, 2022.

Plaintiff has failed to indicate which portion of Rule 60 is applicable to the Motion. Federal Rule of Civil Procedure 60(b) permits reconsideration of a district court order or judgment based on limited number of circumstances.[1] Plaintiff alleges that he "properly requested leave to amend the Second Amended Complaint in his 'Response to Motion to Dismiss.'" (Doc. 80 at 2.) He also alleges that he "has a statutory right to further investigate his claims in Count I of the Second Amended Complaint" and that he is "legally entitled to file a Section 1983 claim for *prospective injunctive relief* against Orange County Sheriff's Office." (*Id*. at 2-3.)

As discussed by the Court in its Order of March 29, 2022, a "district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus.*

---

[1] The rule permits a district court to relieve a party from a final order or judgment on grounds including but not limited to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief.

*Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). Here, Plaintiff is represented by counsel but did not move for leave to amend. Plaintiff did not file a motion requesting relief; instead, he inserted the request for relief in the Response (Doc. 51) to the Motion to Dismiss. However, a "request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). The request for relief was procedurally improper.

Next, as discussed in the Court's Order of March 29, 2022, "discovery follows the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." *Carter v. DeKalb Cty., Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013) (citation omitted) (quotation omitted). Thus, a plaintiff may not argue that discovery is required to defeat a motion to dismiss for failure to state a claim. *Turner v. Costa Crociere S.P.A.*, No. 1:20-CV-21481-KMM, 2020 WL 9071486, at *6 (S.D. Fla. Aug. 23, 2020).

Finally, as also discussed in the Court's Order of March 29, 2022, the Orange County Sheriff's Office is not a legal entity capable of being sued under § 1983.[2]

---

[2] Plaintiff mentions that, under *Ex Parte Young*, 209 U.S. 123 (1908), "a Sheriff [sic] Office can be sued for injunctive relief under § 1983." (Doc. 80 at 3). In *Ex Parte Young*, "the Supreme Court fashioned a narrow exception to the immunity provided to states by the Eleventh Amendment. Under this exception, a plaintiff may sue a state officer in his official capacity for prospective injunctive relief to prevent a continuing violation of federal law." *Webster v. Altenkirch*, No. 5:18-CV-1339-LCB, 2020 WL 5819678, at *5 (N.D. Ala. Sept. 30, 2020) (citation omitted) (quotation omitted). It is an exception to Eleventh

Here, Plaintiff fails to allege, or otherwise demonstrate, any of the factors set forth in Rule 60(b) or to provide any other basis for reconsideration of the Court's Order of March 29, 2022. The Motion contains no allegation as to newly-discovered evidence, nor does it set forth any mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment; Plaintiff offers no other reason justifying relief. Instead, Plaintiff has merely taken this opportunity to relitigate issues that have already been decided and adjudicated by the Court. The Court has carefully reviewed Petitioner's arguments and finds that he has failed to demonstrate a basis for relief under Rule 60.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration of Order Granting Motion to Dismiss and Denying Default Judgment (Doc. 80) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 10, 2022.

---

Amendment immunity, and it "applies only when lawsuits are brought against state officials named in their official capacity where the plaintiff seeks prospective equitable relief to end continuing violations of federal law." *Jones v. Georgia Dep't of Cmty. Health*, No. 120CV03225CAPCMS, 2021 WL 2593638, at *5 (N.D. Ga. May 28, 2021) (citation omitted) (quotation omitted). The Orange County Sheriff's Office is not a "state official" being named in his or her official capacity.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record